IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | | |
|---|---|---|
| KNOCKIO LLC, | ) | |
| | ) | Civil Action No. |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **COMPLAINT FOR DECLARATORY** |
| | ) | **JUDGMENT** |
| KNOCK, INC., | ) | |
| | ) | **(Jury Trial Demanded)** |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

Plaintiff Knockio LLC ("Knockio" or "Plaintiff") hereby states the following as its Complaint for Declaratory Judgment pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201-2202, and pursuant to Federal Rules of Civil Procedure 38 and 39 hereby demands a jury trial.

### NATURE OF THE ACTION

1. Plaintiff Knockio currently uses the trademark KNOCKIO ("Knockio Word Mark")



and currently intends to use the trademark ("Knockio Design Mark") (Knockio Word Mark and Knockio Design Mark collectively referred to as the "Knockio Trademarks"), in connection with the goods and services that Knockio provides.

2. Defendant Knock, Inc. ("Knock" or "Defendant") is the listed owner of the following United States Trademark Registrations, all of which are registrations for the word "KNOCK" either as standard character marks or depicted in stylized letters ("Knock Trademarks"):

- U.S. Registration No. 3,023,295 ("'295 Registration");
- U.S. Registration No. 4,420,777 ("'777 Registration");
- U.S. Registration No. 4,420,855 ("'855 Registration");
- U.S. Registration No. 4,591,494 ("'494 Registration");
- U.S. Registration No. 4,420,776 ("'776 Registration");
- U.S. Registration No. 4,583,007 ("'007 Registration");
- U.S. Registration No. 4,420,854 ("'854 Registration"); and
- U.S. Registration No. 7,193,906 ("'906 Registration")

(all of the above-listed registrations collectively referred to as "the Knock Registrations").

3.     Knockio seeks a declaratory judgment, *inter alia*, that Knockio's use of the Knockio Trademarks is not likely to cause confusion with the Knock Trademarks, that Knockio's use of the Knockio Word Mark is not an infringement of any of the Knock Trademarks or Knock Registrations, and that use of the Knockio Design Mark will not be an infringement of any of the Knock Trademarks or Knock Registrations.

## PARTIES

4.     Plaintiff Knockio is a limited liability company organized under the laws of South Carolina having a principal place of business at 115 White Plains Road, Pelzer, South Carolina, which is in Anderson County, South Carolina.  Knockio is a technology company that has develops and provides 'door knocking' software branded under the mark "KNOCKIO" that is for use primarily by door-to-door salespersons/companies and canvassers for customer relationship management ("CRM"), for use in mapping, monitoring, tracking and optimizing door-to-door canvassing and sales, for use in tracking sales performance and sales leads, and for use in payment processing.

5.     Upon information and belief, Defendant Knock is either a limited liability company or a corporation organized under the laws of Minnesota having its principal place of business at 1307 Glenwood Avenue, Minneapolis, Minnesota 55405.  Upon information and belief, Knock is

an advertising and creative brand experience agency that provides (among other services) advertising and marketing services, graphic art design services, website design, and search engine optimization consulting services for its clients.

## JURISDICTION AND VENUE

6. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1121 because the action arises under the United States laws related to registered trademarks (15 U.S.C. §§ 1051-1127).

7. This Court has personal jurisdiction over the Defendant. Knockio's only and principal place of business is in Pelzer, South Carolina. Knock, through its attorneys, sent a demand letter to Knockio's attorneys arguing that Knockio's use of the Knockio Trademarks would be a "trademark infringement under federal law" and demanding, *inter alia*, that Knockio "agree not to use" the Knockio Trademarks for certain services, including services already being rendered in commerce by Knockio to the public under the Knockio Word Mark. In addition, since sending the demand letter, Knock has continued to ask that Knockio limit its use of the Knockio trademarks by not providing certain services under such trademarks.

8. Venue in this district is proper under 28 U.S.C. §§ 121(9) and 1391(b)(2) as Knockio's only and principal place of business is located in Pelzer, South Carolina.

## FACTUAL ALLEGATIONS

9. Since at least May 14, 2023, Knockio has used the Knockio Word Mark in connection with:

- Downloadable software for use in customer relationship management (CRM); and

- Downloadable software for door-to-door canvassing and sales route mapping and optimization, for appointment scheduling, and for tracking sales performance and sales leads

in International Trademark Class 9 and in connection with:

- Providing on-line non-downloadable software for use in customer relationship management (CRM); and

- Providing on-line non-downloadable software for monitoring and tracking door-to-door canvassers and salespersons

in International Trademark Class 42.

10. On June 24, 2025, Knockio filed an application (U.S. Trademark Application Serial No. 99/249,682) with the USPTO to register the Knockio Word Mark for the goods and services set forth in Paragraph 9 above based on a first use of at least as early as May 14, 2023 ("Knockio's Word Mark Application"). Knockio's Word Mark Application also sought to register the Knockio Word Mark, based on an intent use the mark, in connection with:

- Downloadable software for payment processing

in Class 9 and in connection with:

- Providing on-line non-downloadable software for payment processing

in Class 42.

11. On July 10, 2025, Knockio filed an intent-to-use application (U.S. Trademark Application Serial No. 99/277,031) with the USPTO to register the Knockio Design Mark ("Knockio's Design Mark Application") (Knockio's Word Mark Application and Knockio's Design Mark Application collectively referred to as "Knockio's Trademark Applications") for use in connection with:

- Downloadable software for use in customer relationship management (CRM);

- Downloadable software for door-to-door canvassing and sales route mapping and optimization, for appointment scheduling, and for tracking sales performance and sales leads; and

- Downloadable software for payment processing

in Class 9 and in connection with:

- Providing on-line non-downloadable software for use in customer relationship management (CRM);

- Providing on-line non-downloadable software for monitoring and tracking door-to-door canvassers and salespersons; and

- Providing on-line non-downloadable software for payment processing

in International Trademark Class 42.

12. The Knockio Word Mark was found by the USPTO to be entitled to registration on December 3, 2025, and the Knockio Design Mark was found by the USPTO to be entitled to registration on December 24, 2025. Both of Knockio's Trademark Applications passed to publication without receiving a single office action and without having any marks cited on likelihood of confusion grounds against either of Knockio's Trademarks.

13. The Knockio Word Mark was published for opposition on December 9, 2025, and the Knockio Design Mark was published for opposition on December 30, 2025.

14. On September 12, 2025, while the Knockio Trademark Applications were pending and before they were found to be entitled to registration and published for opposition, counsel for Knock sent a letter to counsel for Knockio asserting that Knockio's use of its Knockio Trademarks would cause "consumers and others [to] be confused and misled into believing that KNOCK has endorsed, is the source of, is affiliated with, or is in some other way connected with Knockio, LLC and the services it provides under the 'KNOCKio Marks'" and "would constitute trademark infringement under federal law" and demanded, *inter alia*, that Knockio "agree not to use" the

5

Knockio Trademarks in connection with any of the Class 42 services. The letter closed with Knock requesting "prompt confirmation that your client Knockio, LLC will comply with" Knock's demands.

15. Knock has continued to demand that Knockio not use its Knockio Trademarks in connection with certain services.

16. On January 29, 2026, Knock filed a Consolidated Notice of Opposition at the Trademark Trial and Appeal Board of the USPTO against Knockio, opposing registration of the Knockio Trademarks based on the Knock Registrations and Knock Trademarks. *Knock, Inc. v. Knockio LLC*, Opposition No. 91304798 (TTAB, filed Jan. 29, 2026).

17. On June 1, 2026, Knock filed an amended notice of opposition and the opposition against the Knockio Trademarks is currently pending at the USPTO ("Knock Opposition").

18. Knockio's Knockio Trademarks are visually different and distinct from the Knock Trademarks. The visual dissimilarities between the parties' respective marks eliminates the possibility of any likelihood of confusion.

19. Knock's services that are allegedly provided in connection with the Knock Trademarks are very different than the goods and services for which the Knockio Trademarks have been, and will be, used.

20. The goods and services that are provided, or will be provided, in connection with the Knockio Trademarks are not similar to any of the services that are allegedly provided in connection with the Knock Trademarks. For example, four of Knock's Trademarks are registered for use in connection with advertising-related or marketing-related services ('295 Registration, '776 Registration, '007 Registration, '854 Registration); three of Knock's Trademarks are registered for use in connection with graphic design, website design, and packaging design services ('777

Registration, '855 Registration, '494 Registration); and the other Knock Trademark Registration is registered for use in connection with search engine optimization. Knockio's Trademarks, on the other hand, are and will be used in connection with the distinctly different goods and services of downloadable and on-line non-downloadable software targeted for use by companies/persons who make door-to-door sales or who undertake door-to-door canvassing and who do, or would, use Knockio's software for customer relationship management ("CRM"), for mapping, monitoring, tracking and optimizing door-to-door canvassing and sales, for tracking sales performance and sales leads, and for payment processing.

21. The classifications for some of the Knockio Trademarks are also different from the classifications for the Knock Trademarks. For example, some of Knock's Trademarks are registered in International Class 35, a class in which Knockio does not use the Knockio Trademarks.

22. In the Knock Opposition, Knock does not object to, and does not oppose, Knockio's registration of the Knockio Trademarks in International Class 9, despite the fact that Knockio's software services being provided in International Class 42 are nearly identical to Knockio's software goods that are being provided in International Class 9.

23. Moreover, the Knockio Trademarks are used, or will be used, to identify Knockio's software in downloadable form in International Class 9 and Knockio's online non-downloadable software services in International Class 42. Nothing in the Knock Registrations indicates that Knock uses the Knock Trademarks for software, whether it is a downloadable good or an online non-downloadable software service and, upon information and belief, Knock does not provide any software named "KNOCK." Instead, a few of the Knock Registrations merely indicate that Knock designs and develops computer software for others.

7

24. None of the services for which the Knock Trademarks are registered are remotely similar to the goods and services for which the Knockio Trademarks have been, or will be, used.

25. The goods and services provided, and to be provided, by Knockio are marketed, advertised, and sold in an entirely different channel of trade than the services provided by Knock. In particular, Knockio's goods and services travel in the trade channels of companies/persons who make door-to-door sales or who undertake door-to-door canvassing, using Knockio's software for customer relationship management, sales monitoring and tracking, and payment processing. Knock's services, on the other hand, travel in the completely different channels of trade related to advertising, marketing, web design, and search engine optimization.

26. Knockio has expended considerable sums in developing and providing its services pursuant to the Knockio Trademarks.

27. Knockio categorically denies that its use of the Knockio Trademarks violates the Knock Trademarks, the Knock Registrations, or any other trademark or legal rights of Knock.

28. Knock has accused Knockio of violating Knock's Trademarks and Knock's Registrations, has demanded that Knockio abandon its attempt to register the Knockio Trademarks in International Class 42, and has demanded that Knockio cease using the Knockio Trademarks in connection with services in International Class 42, including Knockio's providing of on-line non-downloadable software for use in customer relationship management (CRM); providing of on-line non-downloadable software for monitoring and tracking door-to-door canvassers and salespersons; and providing of on-line non-downloadable software for payment processing.

29. Knock's demands in its letter and in communications with Knockio's counsel that Knockio cease using the Knockio Trademarks in connection with certain services and Knock's filing of an opposition opposing registration of the Knock Trademarks in International Class 42,

but not International Class 9, threaten Knockio's trademark rights, which have been found to be registerable by the USPTO and will enjoy protection under the Lanham Act, and have given rise to a case of actual controversy within the jurisdiction of this Court pursuant to 28 U.S.C. §§ 2201-2202.

30.  Unless this Court enters a declaration as requested by Knockio, Knockio is likely to lose its substantial investment and goodwill in the Knockio Trademarks.  To resolve the legal and factual questions raised by Knock and to afford relief from the uncertainty and controversy which Knock's accusations and demand have precipitated, Knockio is entitled to a declaratory judgment of its rights under 28 U.S.C. §§ 2201-2202.

31.  Knockio demands demand a jury trial of all matters so triable which are raised in this Complaint for Declaratory Judgment.

## FOR A FIRST CAUSE OF ACTION - DECLARATORY JUDGMENT

32.  Knockio incorporates by reference the allegations set forth in the preceding paragraphs as if fully restated herein.

33.  There is now a substantial controversy between the parties having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

34.  Knock has demanded that Knockio limit and cease use of the Knockio Trademarks.

35.  Knockio is entitled to a judicial determination that:

- The Knockio Trademarks are not likely to cause confusion with the Knock Trademarks;

- The Knockio Word Mark does not, and will not, infringe the Knock Trademarks or the Knock Registrations;

- The Knockio Design Mark, when placed into use, will not infringe the Knock Trademarks or the Knock Registrations; and

9

- Knockio can legally use both the Knockio Word Mark and the Knockio Design Mark without impinging upon the rights of Knock.

## **PRAYER FOR RELIEF**

WHEREFORE, based on the foregoing, Knockio LLC respectfully requests that judgment be entered for Knockio and against Defendant Knock, Inc. on all of Knockio's causes of action, and that the Court enter an Order awarding Knockio:

1. A declaratory judgment that:

   - The Knockio Trademarks are not likely to cause confusion with the Knock Trademarks;

   - The Knockio Word Mark does not, and will not, infringe the Knock Trademarks or the Knock Registrations;

   - The Knockio Design Mark, when placed into use, will not infringe the Knock Trademarks or the Knock Registrations; and

   - Knockio can legally use both the Knockio Word Mark and the Knockio Design Mark without impinging upon the rights of Knock.

2. A permanent injunction ordering Knock to cease accusing Knockio of infringing the Knock Trademarks;

3. A permanent injunction ordering Knock to withdraw its opposition to the Knockio Trademarks.

4. Knockio's costs and reasonable attorneys' fees for having to bring this action; and

5. Such other and further relief as the Court may find just and proper.

Respectfully submitted,

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

s/Neil C. Jones
Neil C. Jones
Federal Bar No. 5470
E-Mail: neil.jones@nelsonmullins.com
2 West Washington Street / Suite 400
Post Office Box 10084 (29603-0084)
Greenville, SC  29601
(864) 373-2300

*Attorneys for Plaintiff Knockio LLC*

Greenville, South Carolina
July 27, 2026

11